**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:15-CV-2324-N-BK** |
| | § | |
| **EDWINA DYER AND MICHAEL DYER,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Before the Court is *Plaintiff's Motion to Remand and Motion for Attorney's Fees*, Doc. 5. For the reasons that follow, it is recommended that the motion be **GRANTED** as to remand of the case to state court and **GRANTED IN PART** as to the attorneys' fee request.

This case arises from a forcible detainer and eviction proceeding initiated in state court by Plaintiff against Defendants Edwina Dyer, Michael Dyer, and all other occupants of the real property located at 4625 Bonnywood, Mesquite, Texas 75150. Doc. 3 at 11-14. Plaintiff filed a sworn complaint for forcible detainer against Defendants on June 1, 2015, in Dallas County Justice of the Peace Court. Doc. 3 at 11. Defendants appealed the decision of the Justice Court to Dallas County Court at Law No. 2, Doc. 3 at 34, which scheduled a trial de novo for July 16, 2015, Doc. 3 at 43. On the eve of trial, Defendants removed the case to this Court, asserting diversity jurisdiction. Doc. 3 at 1-3. Defendant timely filed the subject motion for remand on July 27, 2015. Doc. 5.

Diversity jurisdiction is wholly unsupported in this case. A suit originally filed in state court is removable to federal court on the basis of diversity of the state citizenship of the parties

as long as no defendant is a citizen of the state in which the action is originally brought. 28 U.S.C. § 1441(b). This is commonly known as the "forum-defendant" rule. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009). In the removal notice, Defendant Michael Dyer lists as his address the subject property in Mesquite, Texas. Doc. 3 at 3. Thus, removal to this Court was improper under section 1441(b).

Accordingly, it is recommended that Plaintiff's motion for remand be **GRANTED,** and this case be remanded for want of subject-matter jurisdiction to Dallas County Court at Law No. 2. It is further recommended that Plaintiff's request for attorneys' fees be **GRANTED ONLY IN PART**. Upon review of the affidavit supporting Plaintiff's request for attorneys' fees in the amount of $2000, Doc. 5-10, the Court finds that the affidavit lacks the specificity to support the amount requested, especially in light of the clear-cut issue involved here. The Court finds that a reasonable attorneys' fee, under the facts of this case and based on counsel's billable rate of $175 per hour, is $525, and recommends that Plaintiff be awarded attorney fees in that amount.

**SO RECOMMENDED** on September 29, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE